# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:23CR20573-001 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **LEAVE TO FILE UNDER SEAL** |
| Ilya Angelov, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

Pursuant to the Eastern District of Michigan Local Rule 5.3, Defendant Ilya Angelov, by and through his attorney Arkady Bukh, Esq., moves this Court for leave to file under seal his sentencing memorandum.

Pursuant to Eastern District of Michigan Local Rule 7.1(a), the undersigned conferred with AUSA Timothy Wyse, who does not oppose this thie request.

Dated: March 17, 2026

s/ Arkady Bukh

_____

Bukh Law PA
1123 Avenue Z
Brooklyn, NY 11235
(718) 376-4766
honorable@usa.com

Fedor Kozlov

1990 E. Algonquin Road, Suite 100
Schaumburg, IL 60173

Attorneys for Defendant Ilya Angelo

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

_____

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:23CR20573-001 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **LEAVE TO FILE UNDER SEAL** |
| Ilya Angelov, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SEAL**

Defendant Ilya Angelov, by and through his attorney Arkady Bukh, Esq., seeks an order to seal in its entirety his sentencing memorandum. Defendant Ilya Angelov asks the Court to shield this filing from public disclosure because it contains very sensitive information, which, if disclosed to the public, could cause harm to Defendant.

**LEGAL STANDARD**

Courts "have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that courts maintain "supervisory power over [their] own records and files"). This power is reflected in the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local

3

Rules. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); E.D. Mich. LR 5.3(b). Local Rule 5.3(b)(3)(A) outlines the steps that a party must take to request authorization to file materials under seal. E.D. Mich. LR 5.3(b)(3)(A). Local Rule 5.3 applies in criminal cases. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that reason." *Id.* "The proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (internal citation and quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id.*

## ARGUMENT

Pursuant to Eastern District of Michigan Local Rule 5.3(b)(3)(A), this section must

include:

> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
>
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
>
> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom; [and]
>
> (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority . . . .

E.D. Mich. LR 5.3(b)(3)(A)(i)–(iv).

In addition, the Sixth Circuit instructs that "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting *Shane Group, Inc.*, 825 F.3d at 306).

Here, Defendant's sentencing memorandum discloses information that could reasonably expose Defendant or others to retaliation or harm if publicly disclosed. Moreover, while redaction is used where possible, the sentencing memorandum cannot be meaningfully redacted without rendering it unintelligible or defeating its evidentiary purpose.

Accordingly, sealing is the least restrictive means to protect the compelling interests at stake.

Pursuant to Eastern District of Michigan Local Rule 7.1(a), the undersigned conferred with AUSA Timothy Wyse, who does not oppose this thie request.

5

**CONCLUSION**

For these reasons, Defendant respectfully requests that the Court grant the motion to seal and permit Defendant to file under seal the sentencing memorandum.

Dated: March 17, 2026

s/ Arkady Bukh

_____

Bukh Law PA
1123 Avenue Z
Brooklyn, NY 11235
(718) 376-4766
honorable@usa.com

Fedor Kozlov
1990 E. Algonquin Road, Suite 100
Schaumburg, IL 60173

Attorneys for Defendant Ilya Angelo